

*United States Attorney*
*Northern District of California*

---

*9ᵗʰ Floor, Federal Building*                          *(415)436-7155*
*450 Golden Gate Ave., Box 36055*          *FAX: (415) 436-6748*
*San Francisco, CA 94102-3495*          *neill.tseng@usdoj.gov*

**VIA ECF**

May 1, 2018

Honorable Jacqueline Scott Corley
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *Ortega Rangel v. Sessions*, Case No. C 18-01618
                <u>Federal Respondents' Supplemental Letter Brief</u>

Dear Judge Corley:

      Pursuant to this Court's minute order (Doc. #9), Federal Respondents hereby submit their supplemental letter brief in response to Plaintiff's supplemental letter brief (Doc. #11). In their prior brief, Federal Respondents argued that the Petition should be denied or dismissed for lack of jurisdiction under 8 U.S.C. § 1226(e). Doc. #6 at 3-4. In the Traverse, Petitioner spent more than three pages responding to those arguments. Doc. #8 at 4-7. At the hearing on April 17, 2018, the Court questioned whether it had jurisdiction under § 1226(e).[1] In response, Petitioner's counsel cited a recent decision in <u>Ramos v. Sessions</u>, No. 18-cv-00413-JST, 2018 WL 1317276 (N.D. Cal. Mar. 13, 2018) ("<u>Ramos II</u>"). When the Court expressed unfamiliarity with the case, Petitioner's counsel noted that it was not included in the briefing, and requested an opportunity to file a supplemental brief regarding <u>Ramos</u>.[2] The Court granted this request and ordered both sides to file supplemental letter briefs. Doc. #9.

      As a preliminary matter, Federal Respondents' counsel understood that the supplemental briefs were intended to focus on <u>Ramos</u>.[3] Petitioner's supplemental brief contains three-and-a-half pages devoted to <u>Ramos</u> and five-and-a-half pages of additional argument, including cases

---

[1] Federal Respondents understand that the hearing was not recorded. The recitation herein of the events at the hearing are based on Federal Respondents' counsel's memory.
[2] At the end of the hearing, Federal Respondents' counsel noted that <u>Ramos</u> was cited in the Traverse, but did not notice at the time that it was an earlier decision in <u>Ramos</u>. <u>See</u> Doc. #8 at 8 (citing <u>Ramos v. Sessions</u>, No. 18-cv-00413-JST, 2018 WL 905922, at *3 (N.D. Cal. Feb. 15, 2018) ("<u>Ramos I</u>")).
[3] Federal Respondents' counsel discussed this with Petitioner's counsel after Petitioner's supplemental brief was filed and understands that Petitioner's counsel has a different understanding of the intended scope of the supplemental briefs.

Honorable Jacqueline Scott Corley
May 1, 2018
Page 2

and arguments which were or could have been included in the Traverse.  Federal Respondents object to and move to strike that additional argument to the extent it goes beyond the intended scope of the letter briefs.

Regardless, § 1226(e) precludes jurisdiction over the Petition.  Disagreement with an IJ's discretionary weighing of the evidence cannot, in and of itself, constitute constitutional or legal error.  Otherwise, § 1226(e) would become a nullity and the district court could essentially become a court of appeals for immigration bond determinations.  To the contrary, Supreme Court and Ninth Circuit precedent, including the key cases cited in Ramos, demonstrate that, to avoid § 1226(e), a habeas petition must attack the statutory framework or discretionary process itself.

The petitioner in Ramos, Liborio Ramos, had already received a removal order, sought relief through withholding of removal, and was thus placed in withholding-only proceedings when she was detained.  See Ramos I, 2018 WL 905922, at *2.  She was detained under 8 U.S.C. § 1231(a)(6), see id. at *3, and had been in prolonged detention since March 26, 2017, see id. at *2.  Petitioner here, by contrast, is detained under § 1226(a) and has not been in prolonged detention.  After a full bond hearing, the IJ denied bond to Liborio Ramos, concluding she was dangerous and a flight risk.  Id. at *2.  Liborio Ramos then filed a habeas petition seeking her release.  Id. at *1.  The court exercised jurisdiction citing Singh v. Holder, 638 F.3d 1196 (9th Cir. 2011), and various district court cases.  See Ramos I, 2018 WL 905922, at *2.  The court first held that Liborio Ramos was entitled to a bond hearing because "the Ninth Circuit has made clear that immigrants detained under § 1231(a)(6) are entitled to bond hearings every six months."  Id.  The court then held that Liborio Ramos was denied due process because "the Government did not show by clear and convincing evidence that Liborio Ramos was a danger to the community or a flight risk such that no amount of bond, or alternative supervision, could secure her release."  Id. at *5.  The court ordered her released "unless the Government holds a bond hearing which comports with due process within fifteen days."  Id.

Another bond hearing was held and the IJ again denied bond, this time only on the ground of dangerousness.  See Ramos II, 2018 WL 1317276, at *2.  Liborio Ramos moved in district court for a temporary restraining order and to enforce the court's prior judgment.  Id. at *1.  The government made various jurisdictional arguments, but with regard to § 1226(e), the court noted, "*Liborio Ramos is detained under section 1231(a)(6), not section 1226, so it is not clear that this provision applies to her.*"  Id. at *4 (emphasis added).  The court noted that even if § 1226(e) did apply, it had jurisdiction "to review legal and constitutional challenges to bond determinations, which are not challenges to discretionary determinations."  Id. (citing Singh, 638 F.3d at 1202).  The court also cited Jennings v. Rodriguez, 138 S. Ct. 830 (2018), for the proposition that "section 1226(e) does not bar constitutional or legal challenges."  Ramos II, 2018 WL 1317276, at *4 (citing Jennings, 138 S. Ct. at 841).

Ramos does not support jurisdiction in this case.  As a threshold matter, it does not apply to § 1226(e) because Liborio Ramos was detained under § 1231(a)(6), not under § 1226 like Petitioner here.  Section 1226(e) applies only to § 1226:

Honorable Jacqueline Scott Corley
May 1, 2018
Page 3

> (e) Judicial review.  The Attorney General's discretionary judgment regarding the application *of this section* shall not be subject to review. No court may set aside any action or decision by the Attorney General *under this section* regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

8 U.S.C. § 1226(e) (emphasis added).  Indeed, as the court noted in Ramos II, "Liborio Ramos is detained under section 1231(a)(6), not section 1226, so it is not clear that this provision applies to her."  2018 WL 1317276, at *4.

Even if § 1226(e) somehow did apply, the cases Ramos relied on to invoke jurisdiction do not support jurisdiction here. In Jennings, a class of aliens argued that 8 U.S.C. §§ 1225(b), 1226(a) and 1226(c) "d[id] not authorize 'prolonged' detention in the absence of an individualized bond hearing at which the Government proves by clear and convincing evidence that the class member's detention remains justified."  138 S. Ct. at 839.  The Supreme Court held that 1226(e) did not preclude jurisdiction because the challenge was to the statutory framework that permitted the aliens' detention without bail.  See id. at 841.  Importantly, however, the Court noted that "§ 1226(e) precludes an alien from 'challeng[ing] a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding his detention or release.'"  Id. (citing Demore v. Kim, 538 U.S. 510, 516 (2003)).  In Demore, an alien "challeng[ed] the constitutionality of § 1226(c) itself."  538 U.S. at 514.  The Supreme Court held that § 1226(e) did not bar jurisdiction because the alien "challenges the statutory framework that permits his detention without bail."  Id. at 517.

Section 1226(e) did not bar jurisdiction in Jennings and Demore because both cases involved challenges to the statutory framework permitting aliens' detention without bail.  There is no such challenge here.  The Supreme Court noted that § 1226(e) bars jurisdiction over challenges to the Attorney General's discretionary judgments or decisions regarding an alien's detention or release.  That is exactly what Petitioner challenges here.

Singh involved an alien, Singh, who had been in prolonged detention since April 10, 2007.  638 F.3d at 1201.  "In July 2009, Singh filed a petition for a writ of habeas corpus alleging various procedural and substantive due process violations at his Casas bond hearing."[4] Id.  The Ninth Circuit held that its jurisdiction was "consistent with 8 U.S.C. § 1226(e)."  Singh, 638 F.3d at 1202.  The court explained, "Although § 1226(e) restricts jurisdiction in the federal courts in some respects, it does not limit habeas jurisdiction over constitutional claims or questions of law."  Id.  In the next sentence, the court elaborated on this by reference to Demore: "The Supreme Court held in Demore that § 1226(e) does not strip a district court of its traditional habeas jurisdiction, 'bar constitutional challenge[s]' or preclude a district court from addressing a habeas petition 'challeng[ing] the statutory framework that permits [the petitioner's] detention without bail.'"  Id. at 1202 (quoting Demore, 538 U.S. at 516-17) (alterations in original).  The Ninth Circuit also stated that "claims that the discretionary process itself was constitutionally

---

[4] Casas refers to Casas-Castrillon v. Dep't of Homeland Sec., 535 F.3d 942 (9th Cir. 2008), where the Ninth Circuit held "that aliens facing prolonged detention while their petitions for review of their removal orders are pending are entitled to a bond hearing before a neutral immigration judge."  Singh, 638 F.3d at 1200.

Honorable Jacqueline Scott Corley
May 1, 2018
Page 4

flawed are 'cognizable in federal court on habeas because they fit comfortably within the scope of § 2241.'"  Singh, 638 F.3d at 1202 (quoting Gutierrez-Chavez v. INS, 298 F.3d 824, 829 (9th Cir. 2002)).

The claims over which the Ninth Circuit asserted jurisdiction in Singh were those attacking the discretionary process itself, specifically: (1) what the correct burden of proof was and who bore it, see id. at 1203-06; (2) whether, under Casas and Matter of Guerra, 24 I. & N. Dec. 37 (BIA 2006), criminal history alone would always be sufficient to justify detention or whether the recency and severity of offenses must be considered, and whether the government must establish special dangerousness, see Singh, 638 F.3d at 1206-07; (3) whether the government must provide contemporaneous records of Casas hearings, see id. at 1208-09; and (4) whether the admission of certain testimony and evidence violated due process, see id. at 1209-10.[5]  Petitioner's claims here, by contrast, do not attack the discretionary process itself, but rather the outcome.  Thus, there is no jurisdiction under § 1226(e).  Cf. Gutierrez-Chavez, 298 F.3d at 829 (holding that a petitioner could not use § 2241 "to obtain review of the equitable balance that the INS arrived at when it denied [him] a 212(c) waiver of deportation," but that his "claims that the discretionary process was constitutionally flawed (because of an inadequate translation and the alleged bias of the IJ) are cognizable in federal court on habeas because they fit comfortably within the scope of § 2241.").

Ramos II also cited the unpublished district court cases of Sales v. Johnson, No. 16-CV-01745-EDL, 2017 U.S. Dist. LEXIS 215855 (N.D. Cal. Sept. 20, 2017); Obregon v. Sessions, No. 17-CV-01463-WHO, 2017 U.S. Dist. LEXIS 60552 (N.D. Cal. Apr. 20, 2017); Castaneda v. Aitken, No. 15-CV-01635-MEJ, 2015 U.S. Dist. LEXIS 81547 (N.D. Cal. June 23, 2015); and Espinoza v. Aitken, No. 5:13-CV-00512 EJD, 2013 U.S. Dist. LEXIS 34919 (N.D. Cal. Mar. 13, 2013).  All of those cases involved, unlike this case, aliens in prolonged detention.  See Sales, 2017 U.S. Dist. LEXIS 215855, at *2 (detention since September 18, 2014); Obregon, 2017 U.S. Dist. LEXIS 60552, at *7 (detention since February 16, 2016); Castaneda, 2015 U.S. Dist. LEXIS at *6 (detention since December 3, 2013); Espinoza, 2013 U.S. Dist. LEXIS 34919, at *2 (detention since September 17, 2011).  Those cases are further distinguishable or unpersuasive for the reasons below.

In Sales, the court held that, notwithstanding § 1226(e), it had jurisdiction over "'questions of law, including application of law to undisputed facts, sometimes referred to as mixed questions of law and fact.'"  2017 U.S. Dist. LEXIS 215855, at *12 (quoting Singh, 638 F.3d at 1202) (emphasis omitted).  But the quoted part of Singh referred to § 1252(a)(2)(B)(ii).  See Singh, 638 F.3d at 1201 (citing Afridi v. Gonzales, 442 F.3d 1212, 1218 (9th Cir. 2006), overruled on other grounds by Estrada-Espinoza v. Mukasey, 546 F.3d 1147 (9th Cir. 2008) (en banc); Ramadan v. Gonzales, 479 F.3d 646, 648 (9th Cir. 2007) (per curiam)).  That is clear from the cases Singh cited.  See Afridi, 442 F.3d at 1218 ("The REAL ID Act of 2005 ('REAL ID Act') provides that 'nothing in subparagraph (B) . . . which limits or eliminates judicial review,

---

[5] The court held that it lacked jurisdiction over Singh's substantive due process argument that the district court should have looked to the underlying merits of his removal to determine if he was entitled to habeas relief.  See Singh, 638 F.3d at 1210-12.

Honorable Jacqueline Scott Corley
May 1, 2018
Page 5

shall be construed as precluding review . . . of questions of law raised upon a petition for review.'") (quoting 8 U.S.C. § 1252(a)(2)(D)); Ramadan, 479 F.3d at 648 ("We now hold that our jurisdiction over 'questions of law' as defined in the Real ID Act includes not only 'pure' issues of statutory interpretation, but also application of law to undisputed facts, sometimes referred to as mixed questions of law and fact.").  Section 1252(a)(2)(B)(ii) is not at issue here.

Obregon concerned "the periodic bond hearings required by Rodriguez v. Robbins, 804 F.3d 1060 (9th Cir. 2015) for immigration detainees – under what circumstances does an Immigration Judge commit constitutional error by continuing to detain a non-citizen an additional six months for 'dangerousness?'"[6] 2017 U.S. Dist. LEXIS 60552, at *1.  At Rodriguez bond hearings, unlike the bond hearing here, the government bore the burden of proving by clear and convincing evidence that continued detention was appropriate.  See id. at *7.  The court denied the petitioner's request for a temporary restraining order and noted that the record was incomplete because the petitioner had chosen to cut short her bond hearing and not to emphasize certain evidence before the hearing ended.  See id. at *1.  Regarding § 1226(e), the court cited Demore and Singh.  See id. at *11, 16.  As discussed above, those cases do not support jurisdiction here because they involved challenges to the statutory framework or to the discretionary process itself, not disagreement with the way the IJ weighed the evidence.

Castaneda is not on point for two reasons.  First, the respondents in that case "present[ed] no challenges to jurisdiction."  2015 U.S. Dist. LEXIS 81547, at *9-10.  Second, unlike here, the detention in that case was "authorized by section 1231(a)(6), not by section 1226(a)."  Id. at *15.  Finally, Espinoza, like Jennings and Demore, involved a challenge to the statutory framework.  The court had to interpret certain language in § 1226(c) to determine if it governed the alien's detention.  See 2013 U.S. Dist. LEXIS 34919, at *9-21.  That is not the kind of challenge Petitioner makes here.

In conclusion, Jennings, Demore and Singh illustrate the boundary between a habeas petition that alleges constitutional and legal error and a habeas petition that does not, even though it may "cloak[] an abuse of discretion argument in constitutional garb."  Torres-Aguilar v. INS, 246 F.3d 1267, 1271 (9th Cir. 2001).  The petition must attack the statutory framework or the discretionary process itself, or it is barred by § 1226(e).  Here, the Petition does not make any such attack.  At bottom, it merely disagrees with how the IJ weighed the evidence.  The court lacks jurisdiction to review the IJ's discretionary decision to deny bond.  See Prieto-Romero v. Clark, 534 F.3d 1053, 1058 (9th Cir. 2008) ("discretionary decisions granting or denying bond are not subject to judicial review") (citing § 1226(e)); Barrientos v. Ice Field Office Dir., 667 Fed. Appx. 184, 184-85 (9th Cir. 2016) (holding, in a case where the petitioner "contend[ed] that the decision to deny his release on bond was improper because it was based on criminal charges that are still pending," that "we lack jurisdiction to set aside the agency's discretionary decision to deny bond") (citing § 1226(e)); see also Doc. #6 at 4:2-18, 12:22-13:2 (citing First Circuit and district court cases finding no jurisdiction).

---

[6] The Supreme Court reversed Rodriguez in Jennings.

Honorable Jacqueline Scott Corley
May 1, 2018
Page 6

      For the foregoing reasons, and for the reasons stated in Doc. #6 and at the hearing, the court should deny or dismiss the Petition.

           Very truly yours,

           ALEX G. TSE
           Acting United States Attorney


           _____/S/_____
           NEILL T. TSENG
           Assistant United States Attorney