BRENDON D. WOODS, ESQ.  (SBN. 189910)
PUBLIC DEFENDER
OFFICE OF THE ALAMEDA COUNTY PUBLIC DEFENDER
312 CLAY STREET, 2ND FLOOR
OAKLAND, CA 94607
TEL.  (510) 268-7401
FAX.  (510) 268-7262
brendon.woods@acgov.org

RAHA JORJANI, ESQ. (SBN.  240941)
IMMIGRATION DEFENSE ATTORNEY
OFFICE OF THE ALAMEDA COUNTY PUBLIC DEFENDER
312 CLAY STREET, 2ND FLOOR
OAKLAND, CA 94607
TEL.  (510) 268-7401
FAX.  (510) 268-7262
raha.jorjani@acgov.org

Attorneys for the Petitioner

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NORTHERN CALIFORNIA

|  |  |
|---|---|
| MARIA ORTEGA RANGEL,<br><br>               Petitioner,<br><br>     vs.<br><br>JEFFERSON SESSIONS, in his<br>Official capacity as Attorney General of<br>the United States; KIRSTJEN NEILSEN,<br>Secretary of the U.S. Department of<br>Homeland Security; DAVID JENNINGS<br>in his official capacity as Field Office<br>Director; and DAVID O. LIVINGSTON,<br>in his official capacity as Sheriff-Coroner<br>of Contra Costa County in charge of the<br>West County Detention Facility.<br>               Respondent(s). | Case No. 3:18-cv-01618<br><br><br>**Notice of Motion and Motion for Attorneys' Fees and Expenses Under the Equal Access to Justice Act and Memorandum of Points and Authorities In Support Thereof** |

PLEASE TAKE NOTICE that Petitioner, Maria Ortega Rangel moves this Court for a hearing to assess eligibility for an award of attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), as soon as the matter may practicably be heard, in Courtroom F -15th Floor of the Phillip Burton Federal Building and U.S. Courthouse, 450 Golden Gate Avenue, San Francisco CA 94102, before the Honorable United States Magistrate Judge Jaqueline Scott Corley.

Petitioner's counsel communicated with Respondent's counsel regarding Petitioner's intent to file the instant motion on August 10, 2018 and again on August 13, 2018.

Dated:  August 13, 2018                    Respectfully submitted,


                                          */S/Raha Jorjani_____*
                                          RAHA JORJANI, Esq.

1

# TABLE OF CONTENTS

I.   Introduction…………………………………………………………5

II.  Statement of Relevant Facts and Procedural History………………………6

III. Argument…………………………………………………………...9

      A.  Petitioner Is An Eligible And Prevailing Party……………………9

      B.  Government's Position Was Not Substantially Justified…………..11

      C.  There Are No Special Circumstances In This Case That Make An Award Against The Government Unjust…………………………..15

      D.  Petitioner Is Entitled To Enhanced Rates For Her Attorney………16

      E.  The Calculation Of Fees For Attorneys Are Reasonable Under The Equal Access To Justice Act………………………………………20

IV. Conclusion……………………………………………………...21

# TABLE OF AUTHORITIES

*Accord Ratman v. I.N.S.*, 177 F.3d 742 (9th Cir. 1999)……………………………..14

*Barrientos v. ICE Field Office Director,* 667 Fed. Appx. 184 (Western District of Washington, June 21, 2016)…………………………………………………………..12

*Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598 (2001)…………………………………………………….....10, 11

*Catholic Social Services, Inc. v. Napolitano*, 837 F. Supp. 2d 1059 (E.D. Cal. 2011)………………………………………………………………………………...12

*Castro O'Ryan v. INS*, 847 F.2d 1307 (9th Cir. 1987)……………………………17

*Comm'r, I.N.S. v. Jean*, 496 U.S. 154 (1990)……………………………………..21

*Fang v. Gonzales*, No. 03–71352, 2006 WL 5669901 (9th Cir. Oct. 30, 2006)….17

*Gutierrez v. Barnhart*, 274 F.3d 1255 (9th Cir. 2001)………………………..12, 15

*Hensley v. Eckerhart*, 461 U.S. 424 (1983)………………………………………21

*In re HPL Techs., Inc., Secs. Litig.*, 366 F.Supp. 912 (N.D.Cal.2005)………..19

*In re Mgndichian*, 312 F. Supp. 2d 1250 (C.D. Cal. 2003)………………………16

*Judulang v. Chertoff,* 562 F. Supp. 2d 1119 (S.D. Cal. 2008)…………………....14

*Levin v. Coleman*, 79 F. App'x 308 (9th Cir. 2003)………………………………10

*Li v. Keisler*, 505 F. 3d 913 (9th Cir. 2007)…………………………………….5, 12

*Love v. Reilly*, 924 F.2d 1492 (9th Cir. 1991)…………………………11, 12, 15

*Mau v. Chertoff,* 562 F.Supp.2d 1107 (C.D. Cal. 2008)…………………………14

*Meinhold v. U.S. Dep't of Defense*, 123 F.3d 1275 (9th Cir. 1997)……………….5

*Mendenhall v. Nat'l Transp. Safety Bd.*, 92 F.3d 871 (9th Cir. 1996)………….....12

*Nadarajah v. Holder*, 569 F.3d 906 (9th Cir. 2009)………………...10, 17, 18, 20

*Obregon v. Sessions,* 2017 WL 1407889 (N.D. Cal. April 20, 2017)...............14

*Orantes-Hernandez v. Holder*, 713 F. Supp. 2d 929 (C.D. Cal. 2010)..............17

*Pierce v. Underwood*, 487 U.S. 552, 565 (1988).........................11, 12, 16, 19

*Pirus v. Bowen*, 869 F.2d 536 (9th Cir. 1989)............................................17

*Ramos v. Sessions,* 2018 WL 905922 N.D. Cal. February 15, 2018)...............14

*Ramos v. Sessions,* 2018 WL 1317276 (N.D. Cal. March 13, 2018)................14

*Sales v. Johnson,* 2017 WL 6855827 (N.D. Cal. September 20, 2017)............12

*Scarborough v. Principi*, 541 U.S. 401 (2004).........................................9

*Thangaraja v. Gonzales*, 428 F.3d 870 (9th Cir. 2005).........................12, 18

*Theme Promotions, Inc. v. News Am. Mktg. FSI, Inc*., 731 F. Supp. 2d 937 (N.D. Cal. 2010)...............................................................................19, 20

**Federal Statutes**

8 U.S.C. § 1226...............................................................7, 8

28 U.S.C. § 2412(d)...................................................*passim*

28 U.S.C. § 2241...............................................................7

28 U.S.C. § 2243...............................................................7

## I.      **INTRODUCTION**

Petitioner, through counsel, files the instant application pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for time reasonably expended and expenses incurred in challenging her unlawful detention through a petition for writ of habeas corpus. Under EAJA, Petitioner is entitled to recovery for reasonable fees and expenses incurred because the government's position - that Petitioner's detention was lawful and constitutional despite the fact that the Immigration Judge relied solely on an arrest to determine that she constituted a danger to the community - was not substantially justified. On May 15, 2018, this Court entered a judgment in favor of Ms. Ortega Rangel, and against the government. As such, reasonable fees and expenses in the amount of $41,736.25, including for time spent litigating the instant fee application, should be awarded by this Court.

This request is timely as it is being filed within 30 days of the final judgment in this action. *See* 28 U.S.C. § 2412(d)(1)(B). A final judgment means a judgment that is final and not appealable. 28 U.S.C. § 2412(d)(2)(G). For the purposes of a district court case, the application must be filed within 30 days after the 60 day expiration of the period to file an appeal with the court of appeals. *See Li v. Keisler*, 505 F. 3d 913, 917 (9th Cir. 2007). As this Court issued a final order for EAJA purposes on May 15, 2018, *see* Dkt. No. 14, a fee request is timely if submitted by August 13, 2018.

## II.     STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

Petitioner, Maria Ortega Rangel ("Ms. Ortega"), is a 51 year old native and citizen of Mexico who entered the United States approximately 18 years ago in 2000 and has been residing in the United States continuously since that time. She has three children residing in the United States, one of whom is a nine year old U.S. Citizen. Prior to being detained by Respondents in 2018, Ms. Ortega spent her time working by making and selling tamales, raising her nine year old daughter, and spending time with her two older sons and other family members.

On January 23, 2018, Ms. Ortega was arrested in Alameda County for the first time in her life. On February 6, 2018, the Superior Court of California ordered her release from criminal custody on her own recognizance after concluding that she was not a danger to the community, and set a hearing date on February 8, 2018. The Office of the Alameda County Sheriff honored the request for notification (Form I-247A) from the Department of Homeland Security (DHS) and time and notified DHS of the date and time of Ms. Ortega Rangel's release in violation of California state law. *See* California Government Code § 7282.5. As such, Ms. Ortega Rangel was transferred to DHS custody, detained at the West County Detention Facility, and placed in removal proceedings. As a result of her detention by DHS, Ms. Ortega was unable to appear for the preliminary hearing in her criminal case and a bench warrant was issued in her criminal case for failing to appear.

Approximately one month later, on March 2, 2018, the Immigration Judge (IJ) held a bond hearing pursuant to 8 U.S.C. § 1226(a). At the bond hearing, Ms. Ortega, upon the advice of her criminal attorney, asserted her Fifth Amendment right against self-incrimination and did not testify about the facts of her pending criminal case before the Immigration Judge, as she had not yet had an opportunity to challenge the case in criminal court. Instead, Ms. Ortega's immigration attorney presented salient facts to show that she was neither a flight risk nor danger to the community, including the fact that she had no criminal history, was released on her own recognizance in her pending criminal case, was now the sole caretaker of her daughter, and had support in her community. Ms. Ortega also established that she had been living with the abusive father of her daughter, who was one of three other co-defendants in the pending criminal case. On March 5, 2018, the IJ – relying on Ms. Ortega's pending charges alone – found that Ms. Ortega failed to establish that she is not a danger to the community, and ordered her detained without bond. Ms. Ortega shortly thereafter appealed the IJ's decision to the Board of Immigration Appeals.

On March 14, 2018, Ms. Ortega filed her petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2243. Thereafter, the Court issued an order to show cause as to why the petition should not be granted. After parties briefed the petition, the Court held oral argument on April 17, 2018. In response to the

Court's concern about jurisdiction, parties submitted supplemental briefing on that issue.

On May 14, 2018, the Court issued a 14 page order granting Ms. Ortega's petition. In summary, the Court concluded that: (1) Section 1226(e) of the Immigration and Nationality Act did not bar the Court's jurisdiction to review Ms. Ortega's habeas petition; (2) Ms. Ortega was excused from administration exhaustion because further delay would result in irreparable harm; and (3) the IJ's decision denying bond based on her conclusion that Ms. Ortega's sole arrest made her a danger to the community violated due process. After making the due process violation finding, the Court ordered the Immigration Judge to provide Ms. Ortega with a new bond hearing that complies with due process.

On May 24, 2018, the IJ conducted a new bond hearing for Ms. Ortega. At that hearing, the IJ granted Mr. Ortega a bond of $1500 and Ms. Ortega was released from detention on May 25, 2018. Exhibits in Support of Motion for Attorneys' Fees and Expenses (hereinafter "Supporting Exhibits"), Exhibit F. Furthermore, the District Attorney in Alameda County moved to dismiss the criminal charges against Ms. Ortega. Supporting Exhibits, Exhibit G. The 60-day period to file an appeal on the Court's decision passed on June 14, 2018 without either party filing an appeal. Hence, the Court's decision granting habeas became final on July 14, 2018.

## III.   <u>ARGUMENT</u>

The Equal Access to Justice Act provides, in pertinent part, that

> a court shall award to the prevailing party…fees and other expenses…incurred by that party in any civil action…brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In order to be granted EAJA fees and expenses, the moving party must demonstrate: (1) she is financially eligible and a "prevailing party" within the meaning of EAJA; (2) the federal government's position was not substantially justified; and (3) there are no circumstances that make an award against the government unjust. Additionally, the moving party can seek enhanced fees for her attorney when "a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Here, Petitioner satisfies all the requirements for an award of attorney's fees and costs.

### A.    Petitioner Is An Eligible And Prevailing Party.

To qualify for an EAJA award, Petitioner must first establish that she is an eligible and "prevailing party." 28 U.S.C. § 2412(d)(2)(B). At that point, the burden shifts to the government, which may avoid fees if, and only if, it can show that its pre-litigation conduct <u>and</u> its litigation position were both "substantially justified." *Scarborough v. Principi*, 541 U.S. 401, 403 (2004)(citing 28 U.S.C. § 2412(d)(1)(A)). Petitioner is an eligible party under EAJA because she has a net

worth of well below the threshold of $2 million U.S. dollars. *See* Supporting Exhibits, Exhibit B, Sworn Declaration of Maria Ortega Rangel In Support of Motion for Attorney's Fees and Expenses Under the Equal Access to Justice Act; 28 U.S.C. § 2412(d)(2)(B).

In order to be considered a prevailing party, Petitioner must demonstrate that she achieved a "material alteration of the legal relationship of the parties" and that the alteration was "judicially sanctioned." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001). In this case, based on the parties' briefing, oral argument and supplemental briefing, the Court entered an order on May 14, 2018 granting Petitioner's petition for writ of habeas corpus. This order caused a material alteration in the legal relationship between the parties and, therefore, confers prevailing party status.

By finding a due process violation, the Court legally changed the position between Respondents and Petitioner by issuing a judicially enforceable order requiring Petitioner to be provided with a new bond hearing that comported with due process. *See, e.g., Nadarajah v. Holder*, 569 F.3d 906 (9th Cir. 2009) (affirming grant of EAJA fees where petitioner succeeded on habeas petition challenging immigration agency's denial of his request for parole); *Levin v. Coleman*, 79 F. App'x 308, 309 (9th Cir. 2003) (reversing denial of EAJA fees to noncitizen who prevailed on habeas petition seeking relief from deportation). This new bond hearing resulted in Petitioner's release from immigration detention.

In addition, the order for a new bond hearing was a judicially enforceable order in that it allowed the Court to retain jurisdiction over any agency failure to comply with the conditions of the order and over any agency error in the subsequent new bond hearing. *Buckhannon*, 532 U.S. at 604 n.7. Finally, this Court issued a judgment in favor of Ms. Ortega and against the government on May 15, 2018. Dkt. No. 14.

In sum, Petitioner has met the requirements of prevailing party status for purposes of EAJA. *Id.* at 604-605.

**B.      The Government's Position Was Not Substantially Justified.**

The government cannot meet its burden of demonstrating that its position was reasonable both in law and in fact, the standard for substantial justification articulated by the U.S. Supreme Court. *Pierce v. Underwood*, 487 U.S. 552, 565, 566 n.2 (1988).

Unless the government can prove that both its pre-litigation and litigation positions were "substantially justified," EAJA fees must be awarded. 28 U.S.C. § 2412(d)(1)(A). Congress placed a heavy burden of proof on the government to demonstrate that its position was substantially justified. H.R. Rep. No. 96-1418, 96th Cong., 2d Sess. 10, 13-14 (1980) ("the strong deterrents to contesting government action require that the burden of proof rest with the government."); *Love v. Reilly*, 924 F.2d 1492, 1495 (9th Cir. 1991) (the burden of proving the

11

"substantial justification exception to the mandatory award of fees under the EAJA rests with the government.")

To meet this burden, the government must show that its position had a reasonable basis both in law and in fact. *Pierce*, 487 U.S. at 566 n.2; *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001). Significantly, the government must meet this threshold twice – it must independently establish that the agency action giving rise to the litigation was substantially justified and that its litigation positions were also substantially justified. 28 U.S.C. § 2412(d)(2)(D); *Gutierrez v. Barnhart*, 274 F.3d at 1258. If it cannot do both, the Court must award fees.

Further, the government cannot avoid liability under EAJA, where a litigation position was reasonable, but the agency's position was not. *See Li v. Keisler*, 505 F.3d 913, 919 (9th Cir. 2007) (noting that the government's reasonable position in litigation does not per se not render its position substantially justified); *Thangaraja v. Gonzales*, 428 F.3d 870, 875 (9th Cir. 2005) (noting that the Court "expect[s] nothing less than such candid and rigorous evaluations of the agency's explanations of its decisions in all parties' briefs" and finding that the position of the government was not substantially justified because the agency's position was not reasonable).

"An agency's position is not substantially justified when it is based on violations of the Constitution, a federal statute, or the agency's own regulations." *Catholic Social Services, Inc. v. Napolitano*, 837 F. Supp. 2d 1059, 1069 (E.D.

Cal. 2011); *see also Mendenhall v. Nat'l Transp. Safety Bd.*, 92 F.3d 871, 874 (9th Cir. 1996) ("A finding that an agency's position was substantially justified when the agency's position was based on violations of the Constitution, federal statute or the agency's own regulations, constitutes an abuse of discretion.")

The government's position in its actions leading to the filing of this habeas petition was unreasonable because it violated the Constitution and Ninth Circuit case law interpreting the Immigration and Nationality Act ("INA"). First, DHS made the initial decision to detain Ms. Ortega and to hold her without setting any bond in her case, despite the fact that she did not pose a danger or a flight risk. Then on March 2, 2018, Ms. Ortega appeared for a bond hearing before the Immigration Judge (an attorney employed by the Department of Justice) after submitting proof that she was the mother and primary caretaker of her nine year old U.S. Citizen daughter, that she sold tamales for a living, that she had no prior criminal history, and that the Superior Court having jurisdiction over her pending criminal case had found her not to pose a danger to the community and had released her on her own recognizance. Dkt. No. 1-2 at 4-9, 28-30, 34. Despite the fact that Ms. Ortega more than met her burden of establishing that she was neither a danger nor a flight risk, and despite the fact that Ms. Ortega must legally be presumed innocent until proven guilty of criminal charges, the Immigration Judge relied solely on her arrest and pending charges in order to conclude that she was a danger to the community. This finding placed Ms. Ortega in the untenable position

13

of being detained without the possibility of bond in immigration custody based solely on the very charges that she was being prevented from challenging in criminal court. This was an unreasonable position

Even during litigation before this Court, the government's position was unreasonable. Despite the clear irreparable harm that Ms. Ortega's ongoing detention was causing to her, her nine year old daughter, and other family members, the government in this case took the position that administration exhaustion was required. Furthermore, despite numerous District Court decisions finding jurisdiction over similar cases, the government repeatedly maintained that this Court did not have jurisdiction to review Ms. Ortega's habeas petition. *Sales v. Johnson,* 2017 WL 6855827 (N.D. Cal. September 20, 2017), *Ramos v. Sessions,* 2018 WL 905922 N.D. Cal. February 15, 2018) (*Ramos I*), *Ramos v. Sessions,* 2018 WL 1317276 (N.D. Cal. March 13, 2018) (*Ramos II*), *Obregon v. Sessions,* 2017 WL 1407889 (N.D. Cal. April 20, 2017); *see also Barrientos v. ICE Field Office Director,* 667 Fed. Appx. 184 (Western District of Washington, June 21, 2016), *Judulang v. Chertoff,* 562 F. Supp. 2d 1119 (S.D. Cal. 2008), *Mau v. Chertoff,* 562 F.Supp.2d 1107 (C.D. Cal. 2008).

The agency's act of failing to follow clear legal precedent, while this litigation was pending, renders its conduct during the litigation of this case unreasonable. *Accord Ratman v. I.N.S.*, 177 F.3d 742, 743 (9th Cir. 1999) (failure to follow clear precedent rendered litigation position unreasonable).

14

Hence, because the government staunchly defended the unlawful detention of Petitioner and ignored clear precedent regarding the Court's jurisdiction over the habeas petition, the government's position as a whole was unreasonable and fees must be awarded under EAJA.

### C.   There Are No Special Circumstances In This Case That Make an Award Against the Government Unjust.

A court may deny attorney's fees even if the government's position was not substantially justified if "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The government bears the burden of establishing such special circumstances. *See Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (citing *Meinhold v. U.S. Dep't of Defense*, 123 F.3d 1275, 1277 (9th Cir.), *amended by* 131 F.3d 842 (9th Cir.1997); *Love v. Reilly*, 924 F.2d 1492, 1495 (9th Cir.1991)). The special circumstances defense cannot be used to "contravene[] the purpose of the EAJA, a clearly stated objective of [which] is to eliminate financial disincentives for those who would defend against unjustified governmental action and thereby to deter the unreasonable exercise of Government authority." *Gutierrez*, 274 F.3d at 1262 (internal citations omitted).

As a direct result of the government's actions, Petitioner spent over 100 days unlawfully detained. Each day of detention prejudiced not only Petitioner's criminal and immigration cases, but also exacerbated the trauma and hardship imposed on Petitioner and her family, including her young U.S. Citizen daughter. Petitioner is aware of no special circumstances that would making an award of

15

fees unjust. As such, the burden shifts to the government to show that special circumstances would make a fee award unjust. *In re Mgndichian*, 312 F. Supp. 2d 1250, 1255 (C.D. Cal. 2003) (prevailing party need only "alleg[e] that the government's position was not substantially justified and that no special circumstances exist that make an award unjust.")

### D.     Petitioner Is Entitled to Enhanced Rates For Her Attorney.

Petitioner is entitled to fees in excess of the EAJA statutory rate for the work of counsel Raha Jorjani because this case required specialized expertise involving immigration law, detention and deportation defense, and federal court litigation experience. The EAJA expressly authorizes a court to award fees in excess of the statutory rate of $125 per hour, adjusted for inflation, when "a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Applying this provision, the Supreme Court has held that the statutory rate can properly be increased in a case in which there was a

> limited availability of attorneys having some distinctive knowledge or specialized skill needful for the litigation in question. . . . Examples . . . would be an identifiable practice specialty such as patent law, or knowledge of foreign law or language.

*Pierce*, 487 U.S. at 572. The Ninth Circuit has held that the statutory cap may be exceeded on these grounds if three requirements are satisfied: 1) the attorney has a "distinctive knowledge or specialized skill;" 2) such knowledge and skills were

necessary for the litigation; and, 3) similar knowledge and skills could not have been obtained at the statutory rate. *Pirus v. Bowen*, 869 F.2d 536, 541-2 (9th Cir. 1989). Enhanced fees are awarded when all three factors are met. *Nadarajah v. Holder*, 569 F.3d 906, 913 (9th Cir. 2009). This case required particularly specialized knowledge, as it required in depth knowledge of immigration law and federal court litigation. As Ms. Jorjani's declaration establishes, Ms. Jorjani has specialized knowledge in this field, those skills were needed for the litigation, and the level of skill needed to litigate this case was not available at the EAJA statutory rate. See Supporting Exhibits, Exhibit A.

The Ninth Circuit has recognized that immigration law requires specialized knowledge and skill. *See e.g.*, *Nadarajah*, 569 F.3d at 914 (awarding enhanced rates in an immigration case that was complex and "involved more than established principles of law with which the majority of attorneys are familiar"); *Castro O'Ryan v. INS*, 847 F.2d 1307, 1312 (9th Cir. 1987) ("With only a small degree of hyperbole, the immigration laws have been termed second only to the Internal Revenue Code in complexity...A lawyer is often the only person who could thread the labyrinth."); *see also Orantes-Hernandez v. Holder*, 713 F. Supp. 2d 929, 963 (C.D. Cal. 2010) (applying enhanced rates to litigation opposing motion to dissolve immigration-related injunction); *Fang v. Gonzales*, No. 03–71352, 2006 WL 5669901, *3 (9th Cir. Oct. 30, 2006) (unpublished) (holding that specialized skill and distinctive knowledge of immigration law was required to

"address effectively in the briefs and at oral argument the application of two complicated state and federal statutory schemes and to succeed in obtaining relief from removal for" noncitizen).

The instant case required counsel with extensive expertise in immigration law. Ms. Jorjani has the special expertise in this area that was necessary for this litigation. Ms. Ortega Rangel's detention by the Department of Homeland Security was triggered as a direct result of her being arrested and charged with a criminal offense in the Superior Court of California for the County of Alameda. Ms. Jorjani regularly conducts trainings and provide guest lectures in her area of expertise, which is the area known as "crimmigration" (or "crim-imm") – the intersection of immigration and criminal law. Supporting Exhibits, Exhibit A. Ms. Jorjani has practiced continuously in this field since 2005. *Id.*  Ms. Jorjani carries an expertise in federal litigation having to do with challenging the legality and constitutionality of government detention under immigration laws. *Id.*

Furthermore, in this case, the expertise of Ms. Jorjani was needed because of the complexity of the issues. "[K]nowledge of ... particular, esoteric nooks and crannies of immigration law ... [was] needed to give the alien a fair shot at prevailing." *Nadarajah*, 569 F.3d at 914 (*citing Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005)). Here, the action required specialized knowledge and expertise regarding immigration detention and federal court challenges. *See* Supporting Exhibits, Exhibit A. The majority of local immigration attorneys who

18

represent individuals before the Immigration Courts and the Board of Immigration Appeals, do not also have experience in litigating custody issues in federal court. *Id.* Even fewer are available and willing to provide that representation for indigent detainees on a *pro bono* basis at the outset. *Id.*

Once it is established that the attorneys possess specialized skills and knowledge and that those skills and knowledge were needed for the litigation, attorneys are to be compensated at prevailing market rates. *Pierce*, 487 U.S. at 571-2; 28 U.S.C. § 2412(d)(2)(A). Ms. Jorjani seeks reimbursement at a rate of $475 per hour, based on her 13 years of practicing law, in this specialized field. This amount is significantly lower than the market rate suggested by the "Laffey Matrix" for 2018, which is issued by the Department of Justice and which already falls below the prevailing market rate for the metropolitan centers of the San Francisco Bay Area.[1] *See Theme Promotions, Inc. v. News Am. Mktg. FSI, Inc.*, 731 F. Supp. 2d 937, 949 (N.D. Cal. 2010) (adjusting the "Laffey Matrix" upwards for San Francisco based on the locality pay differential from Washington-Baltimore area); *In re HPL Techs., Inc., Secs. Litig.*, 366 F.Supp. 2d 912 (N.D.Cal.2005) (applying "Laffey Matrix" to calculate attorneys' fees at local rate in California by adjusting according to locality pay differential); *Theme Promotions, Inc. v. News Am. Mktg. FSI, Inc.*, 731 F. Supp. 2d 937, 950 (N.D. Cal.

---

[1] The Laffey Matrix consists of a table which provides hourly rates, based on years of experience for attorneys, paralegals and law clerks in the Washington, D.C. area and is attached as Supporting Exhibits, Exhibit H. *See also* http://www.laffeymatrix.com/ .

2010) (same). Hence, Ms. Jorjani's request for reimbursement at the rate of $475 per hour is below prevailing rates.

Attorneys with the type of specialized experience necessary for this litigation were not available at the EAJA statutory rate adjusted for inflation of $200.78, and, therefore, the Court should award Ms. Jorjani the requested rate. *Id.*; 28 U.S.C. § 2412(d)(2)(A); *Nadarajah*, 569 F.3d at 915.[2] Since counsel has sought reimbursement below the prevailing market rate to which she would be entitled, given the specialized skills and knowledge she possesses which was necessary for this litigation, this request already reflects a discounting of the fees requested in this matter. *See* Supporting Exhibits, Exhibit A. Thus, the Court should not reduce the hourly rate below the already reduced rate of $475 per hour.

**E.    The Calculation Of Fees for Attorneys Are Reasonable Under The Equal Access To Justice Act.**

The Alameda County Public Defender has submitted time records documenting the time spent working on the merits of the petition for habeas corpus and on the instant motion. *See* Supporting Exhibits, Exhibit A (Jorjani Decl.) and Exhibits C, D, and E (Charts for Hours Claimed by attorneys Jorjani, Keast, and Ngo.) The hours requested are reasonable. A portion of the fee request

---

[2] The statutory rate for EAJA is $125 adjusted for inflation. See *Ramon–Sepulveda v. INS*, 863 F.2d 1458, 1463 n. 4 (9th Cir. 1988) (explaining formula as EAJA ceiling (presently $125/hour), x the CPI–U for current month/CPI-U for month Congress adopted current ceiling). The inflation-adjusted EAJA base rates for the periods counsel worked on the instant matter appear at
https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited August 7, 2018).

represents time spent in preparing this fee application. These fees are also reimbursable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163 (1990).

Hours for law associates' time are also compensable under EAJA under the "lodestar" figure of multiplying the number of hours law associates worked by the inflation-adjusted EAJA hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The requested rate of $200 hour is reasonable and falls within the inflation-adjusted EAJA base rates as calculated by the Ninth Circuit. *See* https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited August 7, 2018).[3]

A summary of the hours and rates for which compensation is requested can be found at Supporting Exhibits C, D, and E. The total award sought is $41,736.25 at this point. Additional fees will be requested if Respondents oppose the motion and Petitioner's counsel needs to spend time on a reply and preparing for oral argument.

## IV.   <u>CONCUSION</u>

As the prevailing part, Petitioner is entitled to compensation under the Equal Access to Justice Act. Accordingly, Petitioner is entitled to an award of fees for time expended and costs incurred in litigating this case. For the reasons set forth in this motion, the award should be the amount requested of $41,736.25, in

---

[3] An increase over the base rate to account for inflation is granted in all but unusual circumstances. *Animal Lovers Vol. Assn. v. Carlucci*, 867 F.3d 1224, 1227 (9th Cir. 1989).

21

addition to any time spent preparing a reply brief and for oral argument if this motion is opposed by Respondents.


Dated:  August 13, 2018                    Respectfully submitted,


                                           */S/Raha Jorjani_____*
                                           RAHA JORJANI, Esq.

22